

*U.S. Department of Justice*

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*

*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 16, 2005

Michael C. Andrews, Esq.
21 Custom House
Boston, MA 02110

    Re: <u>United States v. Sean Simon John Joyce</u>
         Criminal No. 05-10198-MLW

Dear Mr. Andrews:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Defendant Sean Simon John Joyce ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Plea Under North Carolina v. Alford, 400 U.S. 25 (1970)</u>

    On or before September 7, 2005, Defendant shall enter, with the government's assent, a plea of guilty under <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970) to the one-count Information in this case, which charges Defendant with interference with flight crew members and attendants, in violation of 49 U.S.C. §46504. Defendant expressly and unequivocally admits that he, after consultation with his counsel, voluntarily, knowingly, and understandingly consents to the entry of a plea of guilty and imposition of sentence in this case, even though he is unable to admit his participation in the acts constituting the charged crime due to a lack of memory of those events.

    2.    <u>Penalties</u>

    Defendant faces the following maximum penalties: twenty years in prison, $250,000 fine, three years of supervised release, and a $100 mandatory special assessment.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offense to which he is pleading guilty.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

    a.   U.S.S.G. §2A5.2 is the applicable guideline sentencing provision, and provides in this case for a BOL of 9;

    b.   No specific offense characteristic are applicable.

    c.   U.S.S.G. §3E1.1(a) is applicable, requiring a decrease to the BOL of 2 levels.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a)   Fails to provide truthful information about his financial status;

    (b)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

      (c)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

      (d)    Intentionally fails to appear in Court or violates any condition of release;

      (e)    Commits a crime;

      (f)    Transfers any asset protected under any provision of this Agreement; and/or

      (g)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney and Defendant agree to recommend the following sentence before the District Court:

      (a)    Incarceration for a period of time served (five days);

      (b)    No fine;

      (c)    Mandatory special assessment of $100;

      (d)    Supervised release of two years, a special condition of which is that Defendant return to his native England forthwith.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

8. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

9. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him

4

of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

10. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Timothy Q. Feeley.

    Very truly yours,

    MICHAEL J. SULLIVAN
    United States Attorney

By: <u>/s/ Laura J. Kaplan</u>
    LAURA J. KAPLAN, Chief
    Violent & Organized Crime Section

    TIMOTHY Q. FEELEY
    Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

    I have read this letter in its entirety and discussed it with my attorney.  I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts.  I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them.  I am satisfied with the legal representation provided to me by my attorney.  We have had sufficient time to meet and discuss my case.  We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial.  I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

                                        /s/ Sean Simon John Joyce
                                        SEAN SIMON JOHN JOYCE
                                        Defendant

                                        Date:_____

    I certify that Sean Simon John Joyce has read this Agreement and that we have discussed its meaning.  I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

                                        /s/ Michael C. Andrews
                                        Michael C. Andrews, Esq.
                                        Attorney for Defendant

                                        Date:_____